IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN H. RUFFIN, JR., #37709-083,<br>　　　　Petitioner, | §<br>§<br>§ | |
| v. | § | 3:11-CV-2010-B (BK) |
| WARDEN,<br>　　　　Respondent. | §<br>§<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for findings, conclusions, and recommendation. Petitioner, a federal prisoner within the Federal Bureau of Prisons, filed a *pro se* petition for writ of habeas corpus. For the reasons that follow, it is recommended that the petition be summarily dismissed with prejudice as frivolous, and that Petitioner be warned that sanctions may be imposed if he persists in filing frivolous petitions.

**I.  BACKGROUND**

As best as the Court can decipher, Petitioner appears to challenge his confinement at the United States Penitentiary in Beaumont, Texas. His habeas petition, however, alleges no facts in support of his claims of "unlawful confinement" and request for "immediate release." (Doc. 2 at 3, 7.) In addition, Petitioner has left the petition blank except for the following notations: "King James . . . I am you . . . Neptune . . . Hairpen" and "unlawful confinements [sic]" and "motion for discover [sic] due process." (*Id.* at 6-7.) Moreover, the handwritten attachments to the petition are for the most part unintelligible and nonsensical. (*Id.* at 3-5.) The Court has not issued

process pending preliminary screening.[1]

This is the third habeas petition Petitioner has filed seeking to challenge his confinement at USP Beaumont. His prior petitions were also blank except for nonsensical remarks regarding "King James . . . I am you . . . Transfer to Germany . . . Discover of Royal family records . . . Neptune." *See Ruffin v. In the Office of the Chief Warden*, 1:09-CV-0757 (E.D. Tex. Apr. 30, 2010) (dismissed for want of prosecution); *Ruffin v. Bureau of Prisons*, 3:11-CV-0784-P (N.D. Tex. May 19, 2011) (dismissed as frivolous under 28 U.S.C. 1915(e)(2)(B)). Petitioner did not appeal either of his prior cases.

## II. DISCUSSION

**A.     Summary Dismissal**

A habeas corpus petition under 28 U.S.C. § 2241 is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief. *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal under section 2241 without ordering an answer from respondent); *see also* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (providing for summary dismissal of habeas petition).[2]

Petitioner alleges no facts to suggest that his current confinement is unlawful. His pleadings, even when liberally construed in accordance with his *pro se* status, are nothing more than a compilation of nonsensical and unintelligible allegations that are frivolous and abusive in

---

[1] Petitioner has not paid the $5 filing fee or submitted a motion to proceed *in forma pauperis*. Due to the frivolous nature of the petition, the Court did not issue a deficiency order.

[2] Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts renders the 2254 Rules applicable to habeas petitions not covered under section 2254.

nature. Accordingly, his petition is subject to summary dismissal.

**B.  Sanction Warning**

Because Petitioner has filed three *pro se* petitions that were frivolous, he should be warned that if he persists in filing frivolous petitions, the court may impose monetary sanctions and/or bar him from bringing **any further action** of any kind *in forma pauperis* and/or without prior court approval. Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority." *In re Stone,* 986 F.2d 898, 902 (5th Cir.1993). Included in such power is the authority "to levy sanctions in response to abusive litigation practices." *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* FED. R. CIV. P. 11; *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993). Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees-- indeed, **are not entitled to sue and appeal, period."** *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989) (emphasis added).

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the petition be summarily **DISMISSED** with prejudice, and that Plaintiff be **WARNED** that sanctions may be imposed if he persists in filing frivolous petitions.

SIGNED August 24, 2011.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE